[Docket No. 32]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

SUNBELT RENTALS, INC.,

    Plaintiff,

  v.

EQUIPMENTSHARE.COM INC.,

    Defendant.

No. 21-6511 (RMB/AMD)

**MEMORANDUM OPINION & ORDER**

**APPEARANCES**

Michael S. Pepperman
Obermayer Rebmann Maxwell & Hippel LLP
200 Lake Drive East, Suite 110
Cherry Hill, New Jersey 08002

Ivo Jonathan Becica
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, Pennsylvania 19102

Matthew Adam Green
Obermayer Rebmann Maxwell & Hippell LLP
1120 Route 73, Suite 420
Mount Laurel, New Jersey 08054

    *On behalf of Plaintiff*

Torsten Michael Kracht
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037

    *On behalf of Defendant*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court on the Motion to Dismiss brought by Defendant EquipmentShare.com. [Docket No. 32.] The Court having considered the Motion, as well as Plaintiff's response, [Docket No. 33], and Defendant's reply, [Docket No. 34];[1] for the reasons expressed below; and for good cause shown, the Court will deny Defendant's Motion.

Plaintiff Sunbelt Rentals, Inc., brings a claim of Tortious Interference with Contractual Relations against Defendant in this matter. [See Docket No. 24, ¶¶ 174–88.] In short, Plaintiff alleges that Defendant "intentionally and maliciously engaged in acts intended or designed to disrupt Sunbelt's contractual relationships by, among other things, encouraging, aiding, abetting, or permitting former Sunbelt employees to work in positions that violate or violated their contractual obligations to Sunbelt," which obligations took the form of non-compete clauses. [See Docket No. 24, ¶ 175.]

A claim for tortious interference requires that the plaintiff alleges "(a) the existence of a contract, (b) intentional interference, with malice, (c) loss [or breach] of the contract, and (d) damages." loanDepot.com v. CrossCountry Mortg., Inc., 399 F. Supp. 3d 226, 235 (D.N.J. 2019) (alteration in original) (citing several cases). Defendant argues that Plaintiff's Amended Complaint fails to state a claim for four reasons: (1) it fails to adequately plead prior knowledge of the relevant contracts; (2) it fails to adequately plead malice and lack of competitive justification; (3) venue is improper; and (4) the Court cannot exercise personal jurisdiction over Defendant. [Docket No. 32-2, at 15–38.]

---

[1] Plaintiff also requested permission to file a sur-reply brief. [Docket No. 34.] The Court denies that request.

With respect to Defendant's first argument, the Court agrees with Plaintiff that the Amended Complaint adequately pleads that Defendant had prior knowledge of the contracts in question. First, it is perfectly appropriate for Plaintiff to plead "upon information and belief," especially given the circumstances that existed according to the Amended Complaint. See McDermott v. Clondalkin Grp., Inc., 649 F. App'x 263, 267 (3d Cir. 2016); Arista Records LLC v. Doe, 604 F.3d 110 (2d Cir. 2010) (a plaintiff may "'plead[] facts alleged "upon information and belief"' where the facts are peculiarly within the possession and control of the defendant . . . or where the belief is based on factual information that makes the inference of culpability plausible"). Therefore, Defendant's first argument fails.

Defendant's argument that the Amended Complaint does not allege "malice" also fails. "Malice in the legal sense is the intentional doing of a wrongful act without justification or excuse." Trump Taj Mahal Assocs. v. Construzioni Aeronautiche Giovanni Agusta, S.p.A., 761 F. Supp. 1143, 1163 (D.N.J. 1991). As a Court in this District recently noted, "[t]he New Jersey Supreme Court has made clear 'that the one who acts to induce another is not free to do so by any means whatsoever,'" and in particular "'the means utilized may be neither improper, nor wrongful.'" Marina Dist. Dev. Co. LLC v. AC Ocean Walk LLC, No. 20-15719, 2021 U.S. Dist. LEXIS 74571, at *21–22 (D.N.J. Apr. 19, 2021) (Hillman, J.) (quoting Nostrame v. Santiago, 213 N.J. 109, 123 (2013)). "[W]rongful means has been explained to include fraud, defamation, deceit and misrepresentation, violence, intimidation, criminal, or civil threats and/or violations of law." Id. at *22 (citing Nostrame, 213 N.J. at 124). Here, as in Marina District, the Amended Complaint alleges that Defendant induced individuals to violate their non-compete clauses and, in some

instances, "pilfer[]" Plaintiff's trade secrets. [See generally Docket No. 24, ¶¶ 54–152.] This plainly constitutes "wrongful conduct" and therefore satisfies the "malice" requirement for a tortious interference claim. Therefore, Defendant's second argument fails.

Next, Defendant argues that venue is improper because six of the seven contracts in question "are unrelated to New Jersey" and because several of the employees involved have no connection to New Jersey. [Docket No. 32-2, at 32–37 (cleaned up).] But venue is proper "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). "[T]here can be more than one place in which a 'substantial part' of the acts or omissions [underlying a claim] occurred. The Third Circuit has said that a court is not required to determine the 'best' forum. . . . Rather, multiple fora can serve as appropriate venues under § 1931(b)(2)." FerraTex, Inc. v. U.S. Sewer & Drain, Inc., 121 F. Supp. 3d 432, 438 (D.N.J. 2015) (first citing Cottman Transmission Sys. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994); and then citing Leone v. Cataldo, 574 F. Supp. 2d 471, 484 (E.D. Pa. 2008)). The Amended Complaint alleges that some of the employees Defendant targeted either worked in New Jersey for Plaintiff or were being pursued to work in New Jersey for Defendant. [See Docket No. 24, ¶¶ 54–91, 153–70.] The Court finds that these circumstances are sufficient to establish that a "substantial part of the events or omissions giving rise to the claim occurred" in New Jersey. Therefore, venue is proper in New Jersey.

Finally, Defendant argues that the Court lacks specific personal jurisdiction over Defendant. Specific jurisdiction requires "'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulations.' For this reason, 'specific

jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" Bristol-Myers Squibb Co. v. Super. Ct. of Cal., 137 S. Ct. 1773, 1780 (2017) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). Here, Plaintiff alleges a single count of tortious interference. [See Docket No. 24, ¶¶ 174–88.] The Amended Complaint alleges that Defendant engaged in a nationwide "scheme to poach highly skilled management from" Plaintiff. [See, e.g., id., ¶ 2.] It also alleges, as noted above, a variety of activities or occurrences that took place in New Jersey that gave rise to the claim. The fact that other activities or occurrences relating to the alleged scheme occurred outside of New Jersey does not preclude this Court from exercising personal jurisdiction over Defendant. Rather, those activities or occurrences are "connected with[] the very controversy that establishes jurisdiction," especially considering Plaintiff's general accusation of Defendant's scheme to tortiously interfere with Plaintiff's business. See Bristol-Myers, 137 S. Ct. at 1780 (quoting Goodyear, 564 U.S. at 919). Therefore, Defendant's argument that the Court lacks personal jurisdiction over Defendant fails.

Accordingly, for the reasons expressed above,

**IT IS**, this **22nd** day of **September** **2021**, hereby

**ORDERED** that Defendant's Motion to Dismiss [Docket No. 32] is **DENIED WITHOUT PREJUDICE**.

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Judge